In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property of, and Rehabilitate the NEW YORK TITLE AND MORTGAGE COMPANY.

In the Matter of the Application of the ANDREW FREEDMAN HOME.*

Supreme Court, New York County, January 18, 1934.

*Guggenheimer & Untermyer [Samuel Untermyer* of counsel], for The Andrew Freedman Home, for the motion.

*Greenbaum, Wolff & Ernst [Lawrence S. Greenbaum* of counsel], for George S. Van Schaick, as rehabilitator of the property of the New York Title and Mortgage Company.

FRANKENTHALER, J. The petitioner was entitled to possession and control of its bonds and mortgages upon the failure of the guaranty company to comply with its guaranties. (*Matter of*

* See, also, 150 Misc. 827.

*Central Hanover Bank & Trust Company*, 149 Misc. 488.) It contends that possession and control of its bonds and mortgages were, however, withheld from it unless and until it released the guarantor from the latter's obligations upon its guaranties, and that the release now sought to be rescinded was executed and delivered solely for the purpose of obtaining the management and control of its bonds and mortgages as promptly as possible. If these be the facts, the release was executed under what is known as duress of goods or duress of property, and may be declared null and void by the court. (*Harmony* v. *Bingham*, 12 N. Y. 99; *Stenton* v. *Jerome*, 54 id. 480; *Adrico Realty Corp.* v. *City of New York*, 250 id. 29; *Ingram* v. *Lewis*, 37 F. [2d] 259.) That it is quite possible that the petitioner's claim is a meritorious one is apparent when it is remembered that the regulations issued by the Superintendent of Insurance, dated March 17, 1933, provide that " releases from guaranties shall be obtained whenever it is possible and desirable to do so," and that the Superintendent openly encouraged efforts to obtain releases of guaranties from the owners of entire mortgages. It was not until October 10, 1933, that the Superintendent issued instructions to his deputies and counsel that " any holder of a whole mortgage in default who demands that the papers relating thereto be surrendered must do so in writing," and that " upon receipt of such demand, the demand should be complied with forthwith " upon certain specified conditions. It does not appear that the attorney who represented the petitioner in the negotiations which resulted in the giving of the release was ever apprised of these instructions, and he denies that he had " any knowledge whatsoever concerning them." The negotiations had commenced several months prior to October 10, 1933, and the giving of the release had been agreed upon before that date. Apparently, the transaction was consummated in ignorance of the change in the attitude of the Insurance Department.

In order that the material facts may be more fully developed than they are in the papers now before the court, the application is set down for oral hearing and the taking of testimony at the additional Special Term on January 31, 1934, at ten A. M.